UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF
COLUMBIA

KEVIN P. SMITH,

      *Plaintiff*,

v.

FEDERAL BUREAU OF INVESTIGATION, *et al.*,

      *Defendants*.

No. 19-cv-2765 (DLF)

**ORDER**

    Before the Court is the defendants' Motion to Dismiss for Improper Venue, Dkt. 13. For the reasons that follow, the Court will grant the motion.

    Kevin Smith, a prisoner, represents himself pro se in this lawsuit. In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the D.C. Circuit held that a district court must advise pro se plaintiffs of the consequences of failing to respond to a dispositive motion. The warning "should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id.* at 509. This Court twice advised plaintiff that: "If the plaintiff fails to file an opposition, pursuant to *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court may (1) treat the motion as conceded, (2) rule on the defendants' motion based on the defendants' arguments alone; or (3) dismiss the plaintiff's claims for failure to prosecute." *See* Minute Order of June 16, 2020; Minute Order of July 29, 2020.

    Nonetheless, Smith missed the first deadline to respond to defendants' motion to dismiss. *See* Minute Order of June 16, 2020 (setting a deadline of July 7, 2020). The Court then provided Smith additional time to respond after Smith filed a change of address. *See* Minute Order of July 29, 2020 (setting a deadline of August 26, 2020). But Smith again

1

missed the filing deadline. Thus, having warned Smith twice of his obligation to respond to defendants' motion, the Court will consider the motion ripe for review based on the defendants' arguments.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation and citation omitted). However, "the Supreme Court has made clear that 'while . . . some procedural rules must give way because of the unique circumstance of incarceration,' there is no requirement 'that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.'" *Jean-Pierre v. Fed. Bureau of Prisons*, 880 F. Supp. 2d 95, 100 (D.D.C. 2012) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Smith styles his Amended Complaint as a "Civil Rights Lawsuit," Dkt. 8. Construing his complaint liberally, Smith appears to allege primarily tort and possibly constitutional claims related to his prosecution in the Southern District of New York (the Amended Complaint does not contain any specific counts or claims). *See id.* Smith is now incarcerated in New York. *See* Plf.'s Notice of Change of Address, Dkt. 22.

Federal Rule of Civil Procedure 12(b)(3) "instructs the court to dismiss or transfer a case if venue is improper or inconvenient in the plaintiff's chosen forum." *Sanchez ex rel. Rivera-Sanchez v. United States*, 600 F. Supp. 2d 19, 21 (D.D.C. 2009). The Court accepts plaintiff's well-pleaded allegations regarding venue as true and draws reasonable inferences from those allegations in favor of the plaintiff. *See Abraham v. Burwell*, 110 F. Supp. 3d 25, 28 (D.D.C. 2015). "The court need not, however, accept the plaintiff's legal conclusions as true, and may consider material outside of the pleadings." *Id.* "The plaintiff has the burden to establish that venue is proper since it is his obligation to institute the action in a permissible

forum." *Sanchez-Mercedes v. Bureau of Prisons*, No. 1:19-CV-00054, 2020 WL 1821131, at *4 (D.D.C. Apr. 10, 2020) (internal quotation omitted).

As to Smith's tort claims against the federal defendants, the Federal Tort Claims Act (FTCA) applies. 28 U.S.C. § 1346(b). The FTCA provides that: "Any civil action on a tort claim against the United States . . . may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). As to any non-federal defendants, 28 U.S.C. § 1391(b) governs venue. That statute provides that venue is proper where "any defendant resides, if all defendants are residents of the State in which the district is located" or "in which a substantial part of the events or omissions giving rise to the claim occurred" or "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." *Id.*

For an incarcerated individual, residence for venue purposes is based on the place of incarceration. *See Patel v. Phillips*, 933 F. Supp. 2d 153, 165 (D.D.C. 2013). Smith is incarcerated in New York. *See* Plf.'s Notice of Change of Address. Thus, he resides in New York, not the District of Columbia. Neither has Smith provided any facts indicating that all defendants reside in the District of Columbia or would be subject to personal jurisdiction in the District of Columbia. And the acts and omissions Smith alleges also appear to have all occurred in New York. *See* Am. Compl. Thus, venue is improper in the District of Columbia.

Having found venue to be improper, the Court must determine whether to dismiss the case. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C.A. § 1406(a). "The decision whether a transfer or a dismissal is in the interest of justice . . . rests within the sound discretion of the

district court." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983).

The Court finds that dismissal is proper. Because of several "substantive defects," *id.* at 785, with Smith's Amended Complaint as liberally construed, it is not in the "interests of justice" to transfer this case to another venue. 28 U.S.C.A. § 1406(a). First, Smith does not allege any facts indicating that he exhausted any administrative remedies, as required by the FTCA's limited waiver of sovereign immunity. *See* 28 U.S.C. § 2675(a). The D.C. Circuit has held that this exhaustion requirement is jurisdictional. *See Simpkins v. Dist. of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997). Second, Smith's allegations are likely to be untimely in any of the relevant districts, given that the alleged events appear to have occurred seven to eight years ago. *See* Am. Compl. at 16 (describing events from 2012); *id.* at 10 (same); *id.* at 15 (describing events from 2013); *see also* 28 U.S.C. § 2401(b) (two-year statute of limitations for FTCA claims); *Jacksonville Urban League, Inc. v. Azar*, Civ. A. No. 18-2275, 2019 WL 3208686, at * 4 (D.D.C. July 16, 2019) (three-year statute of limitations for *Bivens* claims in the District of Columbia); *Tapia-Ortiz v. Doe*, 171 F.3d 150, 151 (2d Cir. 1999) (per curiam) (three year statute of limitations for *Bivens* claims in New York).

Given that venue is improper in the District of Columbia and the "substantive defects" with the Amended Complaint would preclude transfer to another district "in the interests of justice," *Naartex*, 722 F.2d at 789, the Amended Complaint is dismissed.

The Clerk of Court is directed to close this case.

*[signature: Dabney L. Friedrich]*

———————————————
DABNEY L. FRIEDRICH
United States District Judge

September 9, 2020